**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| CLIFFORD L. HENRY, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CASE NO. 4:07-CV-56 (CDL) |
| | * | 28 U.S.C. § 2254 |
| TERRI EZELL, Warden, | * | |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Untimely. On November 7, 1983, Petitioner Henry, who is currently serving his sentence in the Telfair State Prison in Helena, Georgia, was convicted of rape and was sentenced to serve life in prison. The Petitioner thereafter filed a direct appeal to the Court of Appeals of Georgia wherein the Court affirmed his convictions on March 6, 1986. (R-16-2, Respondent's Exhibit "B"). On May 27, 1994, the Petitioner filed a state habeas corpus petition in the Muscogee County Superior Court which was denied on September 26, 1994. (R-16-3, 16-4, 16-5 and 16-6, Respondent's Exhibit "C"). Petitioner thereafter filed in the Georgia Supreme Court a certificate of probable cause to appeal which was denied on February 9, 1996. (R-16-7, Respondent's Exhibit "D"). On April 11, 2007, Petitioner filed the current application for federal habeas relief. (R-1). The Respondent thereafter filed her Answer and Motion to Dismiss on September 11, 2007. (R-12, 13, 14, and 16).

**AEDPA Limitations Period**

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(28 U.S.C. § 2244(d).

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of

2

Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes final." *Id*. at 1339. The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

*Id*. at 1338.

Respondent is correct in that Petitioner's instant petition is untimely under 28 U.S.C. § 2244(d). Petitioner's judgment of conviction became final on June 5, 1986, which was 90 days after March 6, 1986, the day the Court of Appeals of Georgia affirmed his conviction and sentence. On May 27, 1994, the Petitioner filed a state habeas corpus petition in the Muscogee County Superior Court which was denied on September 26, 1994. (R-16-3, 16-4, 16-5 and 16-6, Respondent's Exhibit "C"). Petitioner thereafter filed in the Georgia Supreme Court a certificate of probable cause to appeal which was denied on February 9, 1996. (R-16-7, Respondent's Exhibit "D"). Both June 5, 1986, and February 9, 1996, however, precede the effective date of the enactment of the AEDPA statute of limitations as it applies to § 2254 applications for federal writ of habeas corpus. The Eleventh Circuit Court of Appeals recognized this problem as to all prisoners whose convictions had become final prior to the effective date of the AEDPA. In *Wilcox v. Florida Dept. of Corrections*,

3

158 F. 3d 1209 (11th Cir 1998), it was held that state prisoners whose convictions became final before the AEDPA's effective date of April 24, 1996, must be given a reasonable time after the enactment of the one-year period of limitation to file their federal habeas actions, and "under those circumstances, a reasonable period is until April 23, 1997," one year from the date of enactment. *Id.* at 1211. Petitioner's window of opportunity to file a § 2254 application in this court, therefore, began on April 24, 1996 and expired on April 23, 1997. His federal habeas petition filed on April 11, 2007, followed the expiration of the AEDPA statute of limitations by nearly ten years.

Petitioner argues that he is entitled to equitable tolling due to "extraordinary circumstances" beyond Petitioner's control which "made it impossible to file petition on time pursuant to 28 U.S.C. 2244." (R-19). The "extraordinary circumstance" cited by petitioner is that he was released on parole on August 18, 1996, and was not in custody thereafter. (R-19-2, p.7). "[E]quitable tolling is appropriate when a prisoner's § 2255 petition is untimely because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citations omitted). However, "equitable tolling applies only in truly extraordinary circumstances." *Id.* (additional citations omitted). The petitioner "bears the burden of establishing that he is entitled to this extraordinary relief." *Id.* (additional citations omitted). Petitioner has failed to give any reason as to why he could not have filed his federal petition for habeas corpus before August 18, 1996, nor has Petitioner provided the court with any

4

reason why he could not file his federal habeas petition after his parole date of August 18, 1996. Petitioner has failed to present an extraordinary circumstance or show that the delay was unavoidable even with due diligence. Petitioner has wholly failed to carry his burden and does not meet the requirements necessary to qualify for equitable tolling.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application to this Court for Habeas Relief under 28 U.S.C. § 2244(d) be GRANTED, and Petitioner's action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 24th day of September, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc